**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TAREE LYN RUSSO,**

         **Plaintiff,**

    **v.**

                                   **Case No.: 6:24-cv-01621-JSS-UAM**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

         **Defendant,**

_____

**REPORT AND RECOMMENDATION**

This cause comes before the Court on Plaintiff's appeal of an administrative decision of the Commissioner of Social Security ("Commissioner") denying her claims for a period of disability and Disability Insurance Benefits ("DIB"). Plaintiff has exhausted the available administrative remedies, and the case is properly before the Court. The undersigned has reviewed the record, the parties' memoranda (Docs. 13, 15, 19), and the applicable law. For the reasons stated herein, the undersigned recommends that the Commissioner's final decision should be affirmed.

**I.    BACKGROUND**

On June 27, 2022, Ms. Russo protectively filed an application for a period of disability and DIB, alleging an onset date of February 5, 2022 (Tr. 76, 223-227). The claim was denied initially and upon reconsideration (Tr. 95-98, 100-103,

106-108, 110-112). Ms. Russo requested a hearing, which was held on March 26, 2024, before Administrative Law Judge ("ALJ") Robert Droker (Tr. 37-68, 113-114).

On April 8, 2024, the ALJ found Ms. Russo not disabled and issued his unfavorable decision (Tr. 14-36). The ALJ made the following findings of fact and conclusions of law: (1) Plaintiff meets the insured status requirements of the Social security Act; (2) Plaintiff has not engaged in substantial gainful activity since February 5, 2022, the alleged onset date of disability; (3) Plaintiff has the following severe impairments: disorders of the spine, disorders of the knees, carpal tunnel syndrome, thyroid disorder, diabetes mellitus, and obesity; (4) Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1; (5) Plaintiff has the residual functional capacity to perform some light work; (6) Plaintiff is capable of performing past relevant work as an outbound call agent and medical office clerk; and (7) Plaintiff has not been under a disability, as defined in the Social Security Act, from February 5, 2022, through April 8, 2024. (Tr. 17–31).

Ms. Russo requested review of the hearing decision (Tr. 205-206). On August 5, 2024, the Appeals Council denied the request for review (Tr. 1-6). This appeal timely followed (Doc. 1).

## II.    ISSUES ON APPEAL

The general issue is whether substantial evidence and relevant legal standards support the April 8, 2024, decision denying Plaintiff's applications for benefits under the Social Security Act. More specifically, the issue is whether the ALJ properly evaluated the medical opinion evidence to determine Plaintiff's residual functional capacity ("RFC").

## III.    STANDARD OF REVIEW

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). The threshold for such evidentiary sufficiency is not high. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The inquiry is "case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Id*. at 1157. If supported by substantial evidence, the ALJ's findings of fact are conclusive. 42 U.S.C. § 405(g). This means the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the

evidence "preponderates against" the agency's decision. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1323 (11th Cir. 2020) (quoting *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

Reviewing courts are not to "merely rubber-stamp a decision." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019). "We must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Id.* (quotation marks omitted). A decision is not supported by substantial evidence if the ALJ "reached the result that it did by focusing upon one aspect of the evidence and ignoring other parts of the record." *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) ("It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence."). The ALJ also must state with some measure of clarity the grounds for his decision, and courts will not affirm "simply because some rationale might have supported the ALJ's conclusions." *Winschel*, 631 F.3d at 1179.

IV.    **DISCUSSION**

   **A. Dr. Alexa L. Barnett's Opinion**

The ALJ evaluated the medical opinion of Dr. Alexa L. Barnett. The ALJ concluded that the "opinion of Dr. Barnett is incongruent with the mental status

examination findings in the record and the record as a whole. As such, the undersigned does not find the opinion persuasive in this determination. Thee [sic] record does not show any evidence of a mental medically determinable impairment." (Doc. 13 at 29).

Plaintiff argues that the ALJ incorrectly evaluated findings of Dr. Burnett, whom the ALJ found not persuasive (Tr. 29, 729) (Doc. 15 at 6, 7). In particular, Plaintiff argues that the ALJ failed to mention Dr. Burnett's observation that Plaintiff's "[c]oncentration, persistence, and pace appear to be compromised." (Doc. 15 at 6, 7). Thus, according to Plaintiff, the ALJ failed to consider the supportability and consistency of this opinion as required by 20 C.F.R. § 404.1520c(b)(2). (Doc. 15 at 7).

Conversely, Defendant argues that the ALJ's decision shows that he properly considered Dr. Burnett's opinion in terms of supportability and consistency, and substantial evidence of record supported his findings regarding Dr. Burnett (Tr. 29, 729) (Doc. 19 at 5).

Under the revised regulations, the Commissioner considers five factors when evaluating a medical source opinion: 1) supportability; 2) consistency; 3) relationship with the claimant;[1] 4) specialization; and 5) other factors "that tend to

---

[1] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment

support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important of these factors are supportability and consistency, and the ALJ must explain the consideration of those two factors. *Id.* §§ 404.1520c(a), (b)(2); 416.920c(a), (b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors (i.e., relationship with claimant, specialization, and "other factors"). *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2). In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. *Id.* §§ 404.1520c(b)(1); 416.920c(b)(1). The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

*Id*. In sum, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other record evidence.

---

relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)– (v).

However, the reviewing courts may not "reweigh the evidence" or substitute its judgment for that of the ALJ, but must "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Winschel*, 631 F.3d at 1178 (citation omitted).

While the ALJ did not specifically recite Dr. Burnett's statement that Plaintiff's concentration, persistence, and pace "appear to be compromised" and that her ability to perform and follow through on tasks is also "compromised," (Tr. 729), the ALJ considered the evidence related to Plaintiff's ability to concentrate and persist in his psychological review technique (PRT) at steps two and three of the sequential evaluation (Tr. 20). The ALJ found that Plaintiff had no more than mild limitations, and he set out the evidence of record supporting that finding:

> The third functional area is concentrating, persisting or maintaining pace. In this area, the claimant has mild limitation. During an April 2023 psychological evaluation, the claimant displayed a logical and organized thought process during the evaluation. Her insight and judgment appeared intact. There was no evidence of a significant memory impairment. There was no evidence of a thought disorder and she denied ever experiencing hallucinations. The claimant appeared to be functioning in at least the average range of intelligence based on observation and fund of information (Exhibit 11F). In this area, the claimant's testimony and the objective medical evidence would indicate that from a mental standpoint the claimant has no more than mild limitation.

(Tr. 21). *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (noting the ALJ is required to complete a PRT and incorporate the results of this technique into the findings and conclusions of his decision).

Further, the ALJ considered the supportability of Dr. Burnett's opinion. The ALJ pointed out that Dr. Burnett relied on Plaintiff's self-reports rather than objective observation. (Tr. 29, 727, 729). Plaintiff's mental status, the objective portion of Dr. Burnett's assessment, was largely normal or benign, and Plaintiff was noted to be friendly and cooperative, maintaining appropriate eye contact throughout the interview. (Tr. 29, 728–29). The ALJ noted that Plaintiff's speech on exam was normal, her receptive language appeared adequate as evidenced by her ability to follow the interview and participate appropriately, and her expressive language appeared adequate based on her ability to provide details and explain prominent concerns. (Tr. 29, 727, 728-29). Plaintiff displayed a logical and organized thought process, and her insight and judgment appeared intact. (Tr. 29, 728-29). The ALJ noted that there was no evidence of a significant memory impairment or thought disorder, and Plaintiff appeared to be functioning in the average range of intelligence. (Tr. 29, 728-29). In sum, the ALJ pointed out how Dr. Burnett's opinion was not supported by her own examination findings. (Tr. 29, 728-29).

The ALJ also noted that other evidence of record was inconsistent with Dr. Burnett's statement. For example, the ALJ noted that Plaintiff reported a wide range

of activities of daily living. (Tr. 29, 284-91). The ALJ observed that Plaintiff reported that she completes laundry, and she also testified that she drives up to four times a week. (Tr. 29, 46, 286, 287). Plaintiff reported she was able to go out alone and does not require anyone to accompany her. (Tr. 29, 287, 288). The ALJ also noted that Plaintiff stated that she could follow written and spoken instructions "very well" and she gets along with authority figures "very well." (Tr. 29, 289). She also stated that she handles stress well and can handle changes in routine well. (Tr. 290). An October 2023 mental status evaluation revealed that Plaintiff's eye contact was average, her activity was normal, her speech was clear, and her perception was within normal limits. (Tr. 29, 764). The ALJ also observed that Plaintiff's intelligence was seen to be average, and her cognition was within normal limits (Tr. 29, 764).

**B. Vocational Expert Testimony**

Plaintiff argues that the Vocational Expert's testimony "was a crucial of evidence that could have impacted the ALJ's ultimate determination in this case." (Doc. 15 at 8). According to Plaintiff, this testimony supported and was consistent with "Dr. Barnett's opinion on Ms. Russo's ability to maintain concentration, persistence, and pace."

At the hearing, Plaintiff's Representative asked the Vocational Expert a hypothetical:

> REP: "So if the individual is in pain – in other words, if I'm changing positions in my sit/stand option, but when I'm changing positions, it's not hunky dory. I'm still in pain. Okay. Assuming that the pain is actually, then putting an impediment to the individual's concentration. Right. That would make it more difficult for the individual to perform any job, unskilled or skilled . . . . So I want you to assume that you just have an individual that every hour is limited to low periods of concentration, what we call off task behavior for no more than, let's say eight minutes an hour. Eight minutes. Would that have an impact on the individual's vocational outlook?"
>
> VE: Eight minutes in a whole day?
>
> REP: An hour.
>
> VE: One hour. Yes. She would not be able to perform any work.

(Doc. 15 at 8) (Tr. 64–66).

However, the existence of such levels of pain as to disrupt Plaintiff's concentration, persistence, and pace is inconsistent with Plaintiff's own reporting. The ALJ concluded that Plaintiff's "testimony and report are inconsistent with the record as a whole. The record reveals that the claimant reported the pain does not limit her normal activities of daily living (Exhibit 3F/14). As recent as November 2023, the claimant reported her pain was a zero on a ten-point scale (Exhibit14F/37)." Thus, the VE's response to a hypothetical question premised on circumstances not found to be credibly supported does not constitute evidence that calls into question the findings of the ALJ.

## V.    CONCLUSION AND RECOMMENDATION

In reviewing the briefs of the parties and the record, the undersigned concludes that the ALJ properly evaluated the medical opinion evidence. The ALJ's determination that Dr. Burnett's opinion was "not persuasive" was supported by substantial evidence. Because the ALJ's determinations were supported by substantial evidence of record, the undersigned **respectfully recommends** that the final decision of the Commissioner be **affirmed** and the Clerk be directed to enter final judgment in favor of Defendant.

### NOTICE TO PARTIES

A party has **fourteen days** from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

**Recommended** in Orlando, Florida on May 5, 2025.

_David A. Baker_
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record